955 F.2d 45
 35 ERC 1415, 22 Envtl. L. Rep. 20,899
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES Of America, and Frank J. Kelly, Attorney
General for the State of Michigan ex rel. Michigan Natural
Resources Commission, and Gordon E. Guyer, Director of the
Michigan Department of Natural Resources, Plaintiffs-Appellees,
v.
PRODUCTION PLATED PLASTICS, INC., Michigan City Plastic Co.,
Inc., Michael J. Ladney, Jr.; Defendants-Appellants.
 No. 91-1728.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Production Plated Plastics, Inc., Michael Ladney and Michigan City Plastics appeal the district court's grant of summary judgment to the United States. We need not repeat the facts of this case as they have been outlined in United States v. Production Plated Plastics, Inc., 742 F.Supp. 956, 960-91 (W.D.Mich.1990). In granting summary judgment, the district court found Production and Production's president, Michael Ladney liable for violations of the Resource Conservation and Recovery Act and the Michigan Hazardous Waste Management Act. The district court found as a matter of law, Production lost its interim status to operate a hazardous waste facility on November 8, 1985 and continued its hazardous waste activities after that loss.
 
 
 2
 In a separate opinion, the district court granted partial summary judgment to the United States in the form of a permanent injunction against Production, Michael Ladney, and Production's parent corporation, Michigan City Plastics. The permanent injunction requires Production, Ladney, and Michigan City Plastics to implement and complete a state-approved closure plan as mandated by RCRA and Michigan's hazardous waste act. The district court incorporated the approved plan into the injunctive order and included a time schedule for completion of the various parts of the plan. The court ordered that if Production was unable to comply with the closure plans, Production must fully comply with post-closure maintenance requirements as stated in 42 U.S.C. § 265. The court also ordered Production to implement a new groundwater monitoring system approved by Michigan's Department Natural Resources.
 
 
 3
 We have reviewed the record and find that the district court properly applied the standards for injunctive relief. By not closing the Richland facility in November 1985, Production was in direct conflict with RCRA. The continued use of the facility after November 1985, and the failure to implement the state-approved closure plans imposes a continuing health hazard and thwarts the express purpose of RCRA. Production argues that it is impossible for Production to comply with the district court's injunction. Other courts have effectively rejected impossibility as a viable defense. See United States v. T & S Brass and Bronze Works, Inc., 681 F.Supp. 314, 321 (D.S.C.), aff'd, 865 F.2d 1261 (4th Cir.1988).
 
 
 4
 Production and Ladney are the only parties who can bring about closure of the facility in keeping with RCRA's mandate. The purposes and intent of RCRA in its application to the Richland facility will be achieved only through the implementation of the approved closure plan. The district court has correctly and appropriately insured the implementation of the closure plan by finding Production, Michigan City Plastics and Michael Ladney liable for violations of RCRA and Michigan's hazardous waste act and through the imposition of an injunctive order.
 
 
 5
 We adopt the opinions of the district court and the findings contained therein.